USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/7/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CAPITAL MARKETS PLACEMENT, INC.,

    Plaintiff,

v.

NEUVOO, INC. AND TALENT.COM, INC.

    Defendants.

CASE NO. 1:21-CV-6845-GHW

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE
ORDER

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

    1.    With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential—Attorneys' Eyes only" (together, "Protected Material") pursuant to this Order, no person subject to this Order may disclose such Protected Material to anyone else except

as expressly permitted hereunder.

2.      The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)      previously non-disclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)      previously non-disclosed material relating to ownership or control of any non-public company;

(c)      previously non-disclosed competitively sensitive business information, including, but not limited to, business plans, product-development information, or marketing plans;

(d)      any information of a personal or intimate nature regarding any individual; or

(e)      any other category of information given confidential status by this Court after the date of this Order.

3.      The Party or person producing or disclosing Discovery Material may designate portions of that material as "Highly Confidential—Attorneys' Eyes Only" if it reasonably and good faith believes the Discovery Material contains extremely sensitive confidential information or other items, including but not limited to certain items in the list in Paragraph 2, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4.      Parties may designate documents produced by a non-party as Protected Material where they meet the requirements of Paragraph 2 by notifying all counsel in writing of

that Discovery Material (or portions of that Discovery Material) which are to be designated Protected Material at any time up to thirty (30) days after actual receipt of copies of that Discovery Material by counsel for the Party asserting confidentiality.  All Discovery Material produced by non-parties shall presumptively be treated as Confidential and subject to this Order for a period of thirty (30) days after that Discovery Material is received by counsel for each of the Parties.

5.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as Protected Material by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential—Attorneys' Eyes only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Protected Material either by:  (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Protected Material in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

7.      A Producing Party or its counsel may designate portions of Discovery

Material as "Highly Confidential—Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Highly Confidential—Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

        8.     If at any time before the termination of this action a Producing Party realizes that it should have designated some portion(s) of Discovery Material that it previously produced as Protected Material, without limitation, the Producing Party may so designate such material by notifying all Parties in writing.   Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Protected Material.   In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential—Attorneys' Eyes Only" designation within two business days of providing such notice.

        9.     Nothing contained in this Order will be construed as:  (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

        10.     Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

        (a)     the Parties to this action, their insurers, and counsel to their insurers;

        (b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

        (c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

        (d)     any mediator or arbitrator that the Parties engage in this matter or that this

Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)  any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)  stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)  this Court, including any appellate court, its support personnel, and court reporters.

11.    Where a Party has designated Discovery Material as Highly Confidential—Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the following persons:

(a)  counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter, as well as the Parties' in-house counsel;

(b)  mediators, consultants, experts, or other litigation support vendors, including outside copying vendors, retained by a Party or its counsel for the purpose of

assisting that Party or its counsel in this action or providing testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such information is furnished, shown or disclosed in accordance with paragraph 12 hereof and is furnished, shown, or disclosed only in furtherance of providing the services for which the mediator, consultant, expert or vendor has been retained;

(c)  potential or actual trial and/or deposition witnesses; provided, however, that (i) such individual is shown or advised of only such information that the Party disclosing such information believes, in good faith, to be necessary for the purpose of eliciting testimony from such individual; (ii) the individual is only shown or advised of, but not given a copy of, any such information; and (iii) to the extent any such individuals is shown information outside any actual trial or deposition, the individual shown or disclosed the information in accordance with paragraph 12;

(d)  any person who is an author, addressee, or recipient of, or who previously had access to, the information;

(e)  any other person agreed to by the Parties or designated by the Court; and

(f)  this Court, including any appellate court, its support personnel, and court reporters.

12.  Before disclosing any Protected Material to any person referred to in subparagraphs 10(d), 10(f), 10(g), 11(c) – (e) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms.   Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing

counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

13.     This Order binds the Parties and certain others to treat as Confidential or Highly Confidential—Attorneys' Eyes Only any Discovery Materials so classified.   The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential—Attorneys' Eyes Only hereunder.   All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

14.     In filing Protected Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Protected Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.   In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.   In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Protected Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents.   The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

15.     Any Party who objects to any designation of confidentiality may at any time

before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.   If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

16.     Recipients of Protected Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding.   Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17.     Nothing in this Order will prevent any Party from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18.     Each person who has access to Discovery Material designated as Confidential or Highly Confidential—Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19.     Within 60 days of the final disposition of this action—including all appeals— all recipients of Protected Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof.   In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not

retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material . Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material  remain subject to this Order.

20.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Protected Material is produced or disclosed.

21.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

**LONG & ASSOCIATES PLLC**

By:  */s/ Ryan E. Long*
       Ryan E. Long
       135 W. 27th Street
       8th Floor
       New York, NY 10001
       (212) 381 - 9637
       rlong@landapllc.com

       *Attorneys for Plaintiff*

**KABAT CHAPMAN & OZMER LLP**

By:   */s/ Rachel M. Bishop*
       Ryan D. Watstein (*Pro Hac Vice*)
       Alexander D. Terepka (*Pro Hac Vice*)
       Rachel M. Bishop (*Pro Hac Vice*)
       171 17th St. NW, Suite 1550
       Atlanta, GA 30363
       (404) 400 - 7300
       rwatstein@kcozlaw.com
       aterepka@kcozlaw.com
       rbishop@kcozlaw.com

       *Attorneys for Defendant*

SO ORDERED.

Dated:  April 7, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

9

**EXHIBIT "A"**

**NON-DISCLOSURE AGREEMENT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAPITAL MARKETS PLACEMENT, INC., | CASE No. 1:21-CV-6845-GHW |
| Plaintiff, | |
| v. | |
| NEUVOO, INC. AND TALENT.COM, INC. | |
| Defendants. | |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Protected Material.  I agree that I will not disclose such Protected Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
 Date: